UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL DAVID HOLLOWAY, JR.,

Plaintiff,

vs. Case No. 2:09-cv-35-FtM-29SPC

VICKIE LANGFORD, Warden; DR. FRANK PAPILLION Chief Health Officer,

Defendants.

___________________________________

**ORDER**

This matter comes before the Court upon initial review of the file. Plaintiff, who is currently incarcerated within the Florida Department of Corrections filed a *pro se* civil rights complaint form pursuant to 42 U.S.C. § 1983 (Doc. #1, Complaint) on January 22, 2009. Plaintiff attaches to his Complaint a copy of the various institutional grievances he filed in connection with subject of his Complaint (Doc. #1-2, pp. 1-11). Plaintiff seeks to proceed *in forma pauperis* in this action. See Affidavit of Indigence (Doc. #2).

According to the Complaint, Plaintiff was pushing two laundry carts on a sidewalk at Hendry Correctional Institution when the carts "hit a gap in the sidewalk causing the (2) carts to jump [,] smashing [Plaintiff's] right pinky finger [and] breaking the skin and bone." Complaint at 8-9. Plaintiff declared a medical emergency and was assessed by Dr. Papillion who determined

Plaintiff required seven stitches. Id. at 9. Four days later, Dr. Papillion took an x-ray, which revealed the tip of the bone in the finger was broken. Id. Plaintiff was referred to a "bone specialist." Thirty five days later, Plaintiff was seen by a bone specialist who "said the bone has already started to heal." Id. Plaintiff claims that one year later, his "finger is still swollen and the sidewalks are not fixed." Plaintiff alleges Eighth Amendment violations stemming from Warden Lanford's failure to fix the sidewalks and Dr. Papillion's failure to follow "proper medical procedure," which Plaintiff claims "showed negligence and 'reckless disregard'" and caused Plaintiff to currently be in "minor pain." Id. As relief, Plaintiff seeks that the Court order the institution "to fix these sidewalks" and "compensatory damages" for Plaintiff's "injury and pain." Id. at 10.

The Prison Litigation Reform Act requires that the Court review all complaints against governmental officers and entities to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915(A)(a), (b)(1), (b)(2). In addition, 28 U.S.C. § 1915(e)(2) directs that the Court "shall dismiss the case at any time if the court determines that "the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)(ii). In essence, § 1915 is a screening process to be applied *sua sponte* and at any time during

the proceedings. In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). And, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

A case is deemed frivolous where the complaint lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1349 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Frivolous claims are those that describe "fantastic or delusional scenarios." Bilal, 251 F.3d at 1349. In considering whether dismissal is appropriate under § 1915(e)(2)(ii), the court applies the standard governing dismissal under Federal Rule of Civil Procedure 12(b)(6). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(ii) is identical to the screening language of § 1915A. Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007)(abrogating Conley v. Gibson, 355 U.S. 41 (1957)). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense

bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001).

Here, the Complaint falls far short of alleging an Eighth Amendment claim. A violation for an Eighth Amendment violation requires a showing of "deliberate indifference" to an inmate's health and safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Deliberate indifference is not the same thing as negligence or carelessness." Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004). "Accidents, mistakes, negligence, and medical malpractice are not 'constitutional violation[s] merely because the victim is a prisoner.'" Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 2004). Plaintiff's claim concerning the allegedly unsafe conditions of the sidewalk, states a claim for negligence at best.[1]

Similarly, Plaintiff's allegations concerning his medical care do not rise to the level of an Eighth Amendment medical deliberate indifference claim. "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eight Amendment," and this includes "indifference . . . manifested by prison doctors in thier response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or

---

[1]According to the response to Plaintiff's grievance attached to the Complaint dated December 13, 2007, Plaintiff was assigned to push only one cart, but chose to push two carts at the same time, without first obtaining permission from the Laundry Supervisor, because another inmate who was assigned to push one of the carts left the detail without permission. Doc. #1-2 at 8.

intentionally interfering with the treatment once prescribed." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2198 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 104-105 (1976)). Deliberate indifference requires more than an "inadvertent or negligent failure to provide adequate medical care." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). To allege medical indifference, a plaintiff must allege that he had an "objectively serious medical need" and second that the defendant acted with an attitude of "deliberate indifference." Id. A "simple difference in medical opinion" does not constitute deliberate indifference. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). "[T]he question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir.1995) (citation omitted).

For purposes of this Order, the Court will assume that the injuries to Plaintiff's finger constituted a serious medical condition. Nonetheless, it is clear from Plaintiff's Complaint that Plaintiff received immediate and ongoing medical care for his injuries. Plaintiff was initially assessed by medical staff and he received stitches for the cut on his finger. Plaintiff's finger was subsequently x-rayed and medical staff referred Plaintiff for a consultation with a bone specialist. Even if the Court liberally

construes the Complaint as alleging a delay in medical care due to thirty-five days passing before Plaintiff was seen by a bone specialist, there are no allegations that either Defendant was responsible for the delay, or that this thirty-five day delay was tantamount to an unnecessary and wanton infliction of pain. See Poag, 61 F.3d at 1543-44.

Based upon the foregoing, the Court finds that Plaintiff has failed to state an Eighth Amendment claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. § 1915e(2)(B)(ii).

**THEREFORE** it is hereby

**ORDERED:**

1. Plaintiff's Complaint (Doc. # 1) is **DISMISSED without prejudice.**

2. The **Clerk of Court** shall: (1) terminate any pending motions; (2) enter judgment accordingly, and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this 19th day of May, 2009.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record